UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

VINCENT LEVAR BOLLING,

               Petitioner,

-against-

DUKE TERRELL, Warden, Metropolitan
Detention Center,

               Respondent.
----------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
10-CV-3594 (KAM)

MATSUMOTO, United States District Judge:

On August 3, 2010, petitioner Vincent Levar Bolling ("petitioner") filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("section 2241"), seeking a 30-month reduction in his sentence and immediate release from custody "due to harsh incarceration." (ECF No. 1, Pet. for Writ of Habeas Corpus ("Pet.") at 1; *see also* ECF. No. 1, Mem. of Law to Support Pet.'s Mot. Pursuant to 28 U.S.C. 2241 ("Mem. in Supp.") at 1-3.) Petitioner was convicted and sentenced in the United States District Court for the Northern District of New York ("Northern District"). (Pet. at 2.) Petitioner is currently incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. (*Id.*)

Because petitioner sought a reduction of his sentence stemming from his conviction in the Northern District, on October 25, 2010, this court transferred the case to the Northern District. (*See* ECF No. 2, Transfer Order.) On November 15, 2010, the Northern District of New York determined petitioner did not satisfy the criteria of Fed. R. Crim. P. 35 or 18 U.S.C. §3582(c), and that his sentence could not be reduced.[1] (ECF No. 6, Decision and

---

[1] The Northern District noted that the cases cited by petitioner concerned pre-sentence conditions of confinement and whether a court may depart from the suggested guidelines range based on those pre-sentence conditions of confinement, and did not bear upon reduction of a sentence after its imposition. (*See* ECF No. 6, Decision and

Order at 2.) The Northern District further held that, to the extent petitioner was challenging the conditions of his confinement, it lacked venue over the case, and transferred the petition back to this court. (*Id.*) Accordingly, the court construes petitioner's petition as a challenge to the conditions of his confinement at the MDC pursuant to 28 U.S.C. § 2241.

## DISCUSSION

A challenge to the *execution* of a sentence - in contrast to the *imposition* of a sentence - is properly filed pursuant to § 2241. *Levine v. Apker,* 455 F.3d 71, 78 (2d Cir. 2006). Section 2241 permits habeas corpus review for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While petitioner does not allege that he is in custody in violation of the Constitution, with the liberal construction that must be afforded to this *pro se* petition, *see Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006), the petition may be construed as alleging that the harsh conditions at the MDC violate the Eighth Amendment's prohibition against cruel and unusual punishment. There are, however, two threshold problems with affording this construction: (1) the petitioner fails to allege how his own constitutional rights have been violated by the defendant; and (2) there is no indication that petitioner exhausted the requisite administrative remedies prior to the filing of his petition on August 3, 2010.

I. Allegations

Petitioner alleges that "[a]s of September 10, 2010, Petitioner will complete 10 months of harsh incarceration at Metropolitan Detention Center, and has about 44 months more of harsh incarceration to complete his federal sentence." (Pet. at 2.) Petitioner asserts that his confinement is harsh because:

---

Order at 2.)

> [p]risoner are lock- - down 24 hour daily (2) Prisoners has not access to sunlight (3) no fresh air (4) no air condition in the summer (5) housing units exceeds over 100 degrees in the summer (6) limited access to law-library (7) limited access to leisure library (8) limited medical treatment (9) no recreation (10) working among maximum security prisoners waiting to be sentence to life.

(*Id.*) Petitioner does not state which of the conditions listed he is enduring, but generally alleges that the conditions exist at MDC for prisoners. Petitioner may only bring claims affecting him, not other inmates. *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990) ("It is well established ... that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."); *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997) ("Article III of the U.S. Constitution requires that a 'case' or 'controversy' be present in order to confer jurisdiction on federal courts for a particular claim; standing to sue is an essential component of that requirement."). Petitioner is afforded 30 days to amend his petition to set forth what conditions of confinement at the MDC allegedly violate *his* constitutional rights.

II. Exhaustion of Administrative Remedies

The Second Circuit has established that a prerequisite to federal habeas relief pursuant to § 2241 is the exhaustion of administrative remedies. *See Carmona v. United States Bureau of Prisons*, 243 F.3d. 629, 634 (2d Cir. 2001). However, the requirement of exhaustion regarding § 2241 petitions is "prudential, not statutory." *Pimentel v. Gonzalez*, 367 F. Supp. 2d 365, 371 (E.D.N.Y. 2005). The exhaustion requirement "protect[s] the authority of administrative agencies, limit[s] interference in agency affairs, develop[s] the factual record to make judicial review more efficient, and resolv[es] issues to render judicial review unnecessary." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003). Failure to exhaust administrative remedies results in a procedural default, which bars judicial review unless the petitioner persuades the court that the failure to exhaust should be excused. *See Carmona*, 243 F.3d at 634.

"[E]xhaustion of administrative remedies may not be required when (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry*, 329 F.3d at 62 (internal quotation marks and citations omitted).

Federal inmates who seek to challenge the conditions of their confinement must first utilize the Administrative Remedy Program ("the Program"), developed by the BOP. *See Mueses v. Terrell*, No. 10-CV-1701, 2010 WL 4365520, at *2 (E.D.N.Y. Oct. 27, 2010); *see also* 28 C.F.R. §§ 542.10-19. Inmates must exhaust each of four steps in the Program: (1) attempting to resolve the issue informally, *see* 28 C.F.R. §§ 542.13; (2) submitting a formal written Administrative Remedy Request to the institution at which the inmate is housed within twenty days of the date on which the basis for the complaint occurred, *see id.* § 542.14; (3) appealing an unfavorable decision at the institutional level to the Regional Director of the BOP within twenty calendar days of the date the warden signed the response, *see id.* § 542.15; and (4) appealing an unfavorable decision at the regional level to the BOP's General Counsel within thirty calendar days of the date the Regional Director signed the response. *See id.*

Petitioner has not alleged that he has exhausted his administrative remedies or that he should be excused from the requirement. Should petitioner file an amended petition, he must provide this information in his amended petition.

## CONCLUSION

Accordingly, petitioner is afforded thirty days from the date of this Order to submit an amended petition to set forth his claim pursuant to 28 U.S.C. § 2241. Petitioner is advised that any amended petition must state, in short and plain fashion, what specific conditions

violate his constitutional rights, whether he has exhausted his administrative remedies or, if he has failed to exhaust his remedies, any reason why the failure should be excused. No response shall be required at this time and all further proceedings shall be stayed for thirty days or until the petitioner has complied with this Order. If petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed.

The Clerk of the Court Office is respectfully requested to mail a copy of this Memorandum & Order, along with a copy of a blank 2241 habeas petition, to petitioner and to note such mailing on the docket.

**SO ORDERED.**

Dated: December 8, 2010
      Brooklyn, New York

/S/
Kiyo A. Matsumoto
United States District Judge