FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 18 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————X

VINCENT LEVAR BOLLING,

                Petitioner,

  -against-

DUKE TERRELL, Warden, Metropolitan
Detention Center,

                Respondent.
———————————————————X

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
10-CV-3594 (KAM)

**MATSUMOTO, United States District Judge:**

On August 3, 2010, petitioner Vincent Levar Bolling ("petitioner") filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("section 2241"), seeking a 30-month reduction in his sentence and immediate release from custody "due to harsh incarceration." (ECF No. 1, Pet. for Writ of Habeas Corpus ("Pet.") at 1; *see also* ECF. No. 1, Mem. of Law to Support Petitioner Mot. Pursuant to 28 U.S.C. 2241 ("Mem. in Supp.") at 1-3.) Petitioner was convicted and sentenced in the United States District Court for the Northern District of New York ("Northern District"). (Pet. at 2.) Petitioner is currently incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. (*Id.*)

Because petitioner sought a reduction of his sentence stemming from his conviction in the Northern District, on October 25, 2010, this court transferred the case to the Northern District. (*See* ECF No. 2, Transfer Order.) On November 15, 2010, by Decision and Order, Judge Thomas McAvoy determined petitioner did not satisfy the criteria of Fed. R. Crim. P. 35 or 18 U.S.C. § 3582(c), and that his sentence could not be reduced. (ECF No. 6, Decision and Order at

1

2.) Judge McAvoy further held that, to the extent petitioner was challenging the conditions of his confinement, the Northern District lacked venue over the case, and transferred the petition back to this court. (*Id.*)

By Memorandum and Order dated December 8, 2010, this court considered the remaining claim, *i.e.* petitioner's challenge to his conditions of confinement, and found that the petition, as stated, could not proceed because petitioner had not alleged which conditions of confinement at the MDC allegedly violated *his* constitutional rights and he had failed to allege that he had exhausted his administrative remedies or that he should be excused from the requirement. (ECF No. 7, 12/8/10 Mem. and Order at 2-5.) Petitioner was afforded thirty days to remedy the defects of his petition and was provided with a blank section 2241 habeas petition. (*Id.* at 4-5.)

On December 16, 2010, petitioner filed an Amended Petition, pursuant to section 2241. (ECF No. 8, Am. Pet.) In his Amended Petition, petitioner claims that he is being held in violation of his Eighth Amendment rights because he is denied access to the judicial system, sunlight, fresh air, and proper medical treatment. (*Id.* ¶ 8(D)(A).) He states that he has not exhausted his administrative remedies because it would be futile as the BOP cannot amend his prison sentence. (*Id.* ¶ 8(D)(C).) Because petitioner has not exhausted his administrative remedies, and petitioner has not persuaded the court that the failure to exhaust should be excused, including on grounds of futility, the petition is dismissed.

## DISCUSSION

The only matter before the court is petitioner's challenge to the conditions of his confinement at the MDC pursuant to 28 U.S.C. § 2241.[1] As explained in the court's previous Memorandum and Order, dated December 8, 2010, the Second Circuit has established that a prerequisite to federal habeas relief pursuant to section 2241 is the exhaustion of administrative remedies. (*See* 12/8/10 Mem. and Order (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d. 629, 634 (2d. Cir. 2001))). Federal inmates who seek to challenge the conditions of their confinement must first utilize the Administrative Remedy Program ("the Program") developed by the Bureau of Prisons ("BOP"). 28 C.F.R. §§ 542.10-19; *see Mueses v. Terrell*, No. 10-CV-1701, 2010 WL 4365520, at *2 (E.D.N.Y. Oct. 27, 2010). Failure to exhaust administrative remedies results in a procedural default, which bars judicial review unless the petitioner persuades the court that the failure to exhaust should be excused. *See Carmona*, 243 F.3d at 634. "[E]xhaustion of administrative remedies may not be required when '(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a p[etitioner] has raised a substantial constitutional question.'" *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (citations and internal quotations omitted).

Petitioner has admittedly not exhausted his remedies. Nor do his pleadings satisfy any of the conditions cited above which would excuse the exhaustion requirement. Instead, petitioner

---

[1] Petitioner ends his Amended Petition by stating that he is requesting a twenty-four month sentencing reduction pursuant to U.S.S.G. 5K2.0. (Am. Pet. at p. 2 ("Vincent Bolling Requesting 24 months Sentencing Reduction Pursuant to U.S.S.G. 5K2.0").) To the extent plaintiff seeks a reduction in sentence, that claim has already been denied by the Northern District of New York. (*See* Decision and Order at 2.)

3

states that he is not required to exhaust the Administrative Remedy Process because exhaustion "would be futile because the BOP does not have the authority to amend a prisoner sentence." (Am.Pet. ¶ 8(d)(A)(C).) This is not a reason to avoid exhaustion, particularly to the extent he claims he is being denied access to the judicial system, sunlight, fresh air, and proper medical treatment. First, petitioner's claim seeking a sentence reduction has already been denied on the merits by Judge McAvoy of the Northern District. (*See* Decision and Order at 1-3.) Second, other available remedies, such as improvement of conditions or transfer, provide a genuine opportunity for relief. Third, administrative exhaustion affords the BOP the opportunity to provide the relief and render judicial review unnecessary. *Beharry*, 329 F.3d at 62. As petitioner is not excused from the duty to exhaust his administrative remedies, his procedural default bars judicial review by this court. *Carmona*, 243 F.3d at 634. Petitioner must challenge his conditions under the Administrative Remedy Program developed by the BOP if he continues to seek redress.

## CONCLUSION

Accordingly, the petition is dismissed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested to send a copy of this Memorandum and Order to petitioner, note service in the docket, enter judgment

dismissing the petition, and close the case.

**SO ORDERED.**

Dated: February 15, 2011
      Brooklyn, New York

                                                    /s/
                                            Kiyo A. Matsumoto
                                            United States District Judge